## No. 89

BELL BROS. CO. v. McGUFFEY et

Ohio Appeals, 3rd Dist., Hardin Co.

No. 150.   Decided Nov. 14, 1925

1197.  TRUSTS—A cestui que trust can alienate his interest and benefits by execution of a chattel mortgage.

2.  The property from which such interest is derived cannot be attached for the reason that said cestui has only an interest subject to all other interests.

WARDEN, J.

Bell Bros. Co. filed a petition in Hardin Common Pleas against Frank McGuffey et al, alleging that they were judgment creditors of the McGuffeys, who were insolvent and had personal property unfit for sale; and further prayed that a receiver be appointed to fit such property for sale so as to satisfy the Bell Bros. claim as judgment creditors.  Said receiver was appointed and entered into administration of his duties.

The St. Paris Nat'l. Bank filed a cross petition in which they alleged they had issued a chattel mortgage on the property to be administered by the receiver and that they had entered and taken possession of said property

## STATE COURT OF APPEALS—Continued

and further that their lien was superior to that of Bell Bros. Judgment in the Common Pleas for the Bank. Error was prosecuted and the Court of Appeals held:

1. Any interest that the McGuffeys held in the property was a trust interest created as such by their late father in his will.

2. It is argued that McGuffey had no interest that could be alienated so as to be a valid consideration for a chattel mortgage.

3. From the terms of the will executed by the father, McGuffey et had no interest in the personality itself, but only an interest in the proceeds to be derived from the sale of such property after certain other conditions of the trust had been fulfilled.

4. It is a well know principle of law, that one of the perequisites of a trust, is its possibility of alienation, therefore it follows that McGuffey could alienate his intent which he did by issuing the chattel mortgage,

5. As McGuffey had merely an equitable title to·a certain interest in the personality, a judgment debtor could not claim a lien on the thing from which the interest is derived.

6. As there is no error in the lower court's finding that the Bank's lien was valid and prior to the liens of Bell Bros., it follows that the Bell Bros. cannot recover.

Judgment affirmed.

Attorneys—Stickle & Cessna, and C. W. Faulkner for Bell Bros.; Henderson & Roof, and Harley E. Peters for McGuffey et; all of Kenton.